# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

|  |  |
|---|---|
| OLIVER W. STARBIRD and<br>CARLA M. STARBIRD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, a foreign corporation,<br><br>    Defendant. | CV 5:25-107 |

## ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's motion to dismiss. Dkt. No. 7. Plaintiffs Oliver and Carla Starbird have filed no response, and the time for doing so has passed. The motion is thus ripe for review.

## BACKGROUND[1]

Plaintiffs purchased an insurance policy from State Farm (Policy No. 81-KA-H098-8), which provided coverage for real property located at 3743 Buffalo Creek Drive in Nahunta, Georgia. Dkt. No. 1-1 ¶ 5. The policy provided coverage "against sudden and accidental direct physical loss." Id. ¶ 6. On or about August

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

5, 2024, while the Policy was in full force and effect, the Property sustained a covered loss as a result of Hurricane Debby. Id. ¶ 7. Plaintiffs "promptly and timely notified [State Farm] of the damage to the home and made a claim pursuant to the Policy." Id. ¶ 9. State Farm assigned claim number 11-71W8-30J to the loss and assigned an agent to investigate the claim of damage. Id. Plaintiffs fully cooperated with State Farm and made the Property available for inspection. Id. ¶ 10. State Farm, through its authorized representative and agent, performed a site inspection. Id. ¶ 11. The Property sustained covered damages that were not acknowledged by State Farm. Id. ¶ 14. State Farm breached the Policy by wrongfully denying coverage for the loss. Id. ¶ 13. State Farm "did not act fairly and honestly toward the Insureds with due regard for the claim." Id. ¶ 16. Plaintiffs "have suffered physical damage to the Property in an amount to be determined at trial." Id. ¶ 19.

Plaintiffs initiated this action on August 1, 2025, in the Superior Court of Brantley County, Georgia. Dkt. No. 1-1 at 1. Therein, Plaintiffs bring a single breach of contract claim. Id. at 5. In other parts of the complaint, however, Plaintiffs appear to seek bad faith damages. Id. at 1, 7. Additionally, Plaintiffs seek "[c]ompensatory damages, including all damages to the Plaintiffs by [State Farm] and any resulting expenses and temporary repairs," as well as expenses of litigation, attorneys' fees and

costs. Id. at 7. Defendant removed the case to this Court and promptly filed a motion to dismiss. Dkt. No. 7.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." Weiland, 792 F.3d at 1320. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each

4

claim rests." Id. at 1323. The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Id. at 1321. The two types most relevant here are complaints that fail to "separate[e] into a different count each cause of action or claim for relief" and complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.

Here, Plaintiffs' complaint is, in a word, vague. First, Plaintiffs allege only that the Property sustained "water damage" as a result of Hurricane Debby. Dkt. No. 1-1 at 1, 3. They do not identify *what damage* the Property allegedly sustained or *what damage* State Farm allegedly failed to acknowledge. Plaintiffs also do not specify the "terms and conditions" of the Policy that provide coverage for the loss or the provision(s) that State Farm allegedly breached. Further, the complaint does not clearly assert the damages to which Plaintiffs claim to be entitled. See id. at 7 (requesting compensatory damages, "including all damages to the Plaintiffs by the Defendant"). Omitting this critical information does not give Defendant adequate notice of the claims against it or the grounds upon which each claim rests. Weiland, 792 F.3d at 1323. Further, such allegations do not meet the pleading requirements of Rule 8 or show that Plaintiffs are entitled to relief. However, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to

5

amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).

Accordingly, Plaintiffs are **ORDERED** to file an amended complaint within **fourteen (14) days** of the date of this Order. Their failure to do so will result in dismissal of this action. Further, Plaintiffs are warned that their failure to clearly assert sufficient facts to state a claim for relief will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 7, as well as its motion for hearing, dkt. no. 8, are **DENIED** at this time. Plaintiffs are **ORDERED** to file an amended complaint, as directed above, within **fourteen (14) days** of the date of this Order.

SO ORDERED, this __30__ day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA